Andrews, J.
As the aggregate value only was stated in the plaintiff’s affidavit, the undertaking must be in double the value so stated, which was $1,415.32. If the value of each article had been stated, the undertaking would have been in double the value of the articles actually replevied only. If it be true, therefore, as claimed by defendant, that the sheriff has actually replevied articles of the value of $300 only, and the value of each of those articles had been separately stated in the plaintiff’s affidavit, the undertaking to be given by the defendant would have been for $600 only; and that undertaking, of course, would not have secured the plaintiff if, upon the trial, he proved that the defendant had in his possession all the articles named in the affidavit of the value of $1,415.32.
The position taken by plaintiff’s counsel leads to the following result: The plaintiff, by stating the value of the articles named in his affidavit, in the aggregate, can obtain an undertaking for the delivery to him of all the articles named, or the payment of their value, if he succeeds, no matter how small a portion the sheriff may actually take from the defendant; while, if the value of the articles is stated separately, he can obtain an undertaking for the return of those articles only which the sheriff takes, or for the payment of their value. If a plaintiff requires the sheriff to take 100 packages of goods of the aggregate value of $100,000, and the sheriff finds and takes one package of the value of $1,000, the defendant, in order to; obtain the return of that one package, must give an under-' taking in $200,000 that he will deliver all the packages, or their value, if the plaintiff succeeds on the trial; while if the value of each package had been separately stated in .plaintiff’s affidavit at"$1,000, the defendant could have secured the return of that one package by giving a bond in $1,000 only for the return of that one package. It certainly would be a novelty in judicial proceedings that a defendant should be required to give security for the payment of $100,000 as a consideration for the privilege of retaining property of the value of $1,000. Section 1693 of the Code declares that the aggregate value, if that only is stated, shall be deemed the value of the part replevied for the purposes of procuring a return thereof to the defendant, but I do not think that that section, and sec *179 tian 1704, should be so construed as to enable the plaintiff, by merely stating the aggregate instead of the separate value of the articles named, to obtain an undertaking conditioned for the delivery to him of all such articles, no matter how small a portion thereof may have been actually taken by the sheriff; while if he had stated the value separately he could only have obtained an undertaking for the delivery to him of the part taken.
I can see no reason why the recital prehminary to the undertaking should contain an admission contrary to the facts. The sheriff either has or has not replevied all the articles mentioned in plaintiff’s affidavit, and there can be no difficulty in determining this fact. If he has taken all, the undertaking should, of course, so recite; if he has taken a part only, the recital should be modified so as to conform to the fact; for it would be grossly unjust to the defendant to compel him to give a written admission that the sheriff had taken all the articles if, in fact, he has taken but a small part of them.
I also think that the undertaking of the defendant should be for the return of the articles actually replevied only.
The provision of section 1704, that the defendant will pay the plaintiff any sum which the judgment awards against the defendant, should be retained, in the language used in the statute. What its effect will be, in case the plaintiff proves on the trial that the defendant has more of his (the plaintiff’s) property than the sheriff has Taken, I do not attempt to decide. It would certainly be strange if the plaintiff, by stating the aggregate value of the articles named in his affidavit, could compel the defendant to give security for the payment of $1,415.32, as well as costs and disbursements, in order to retain possession of articles of the alleged worth of $300 only.
If the plaintiff desires to appeal, a stay will be granted provided he will print the papers, accept short notice of argument, and be ready to argue the appeal when reached, and will stipulate that, if defeated, he will pay so much of the sheriff’s fees and charges as shall accrue pending the appeal.